IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Motive Power & Equipment Solutions, Inc. | ) ) ) | C.A. No. 6:07-CV-01147-GRA |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** <br> **(Written Opinion)** |
| Algoma Steel, Inc., and Key Equipment Finance Canada, Ltd. | ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the Court on Defendant Algoma Steel, Inc.'s (Algoma) Motion to Dismiss for Lack of Personal Jurisdiction. This motion was the subject of a hearing on August 30, 2007. It has been fully briefed and argued. For the reasons articulated herein, this Court denies the defendant's motion.

## **BACKGROUND**

This is an action for breach of contract arising out of an international transaction to buy, sell, and lease refurbished locomotives. In late 2003, Defendant Algoma Steel, Inc. (Algoma), a Canadian corporation located in Ontario, Canada, contacted the Plaintiff, a South Carolina corporation in Simpsonville, to request a price quote to lease eight locomotives. Subsequently, Algoma visited the Plaintiff in South Carolina, negotiated a deal, and Algoma's board approved the transaction. On March 24, 2005, Algoma issued a purchase order to the plaintiff for seven refurbished locomotives.

During 2005, Defendant Key Equipment Finance Canada, Ltd. (Financier) agreed to finance the transaction. It is unclear whether the plaintiff or Algoma sought out

financing. Subsequently, the sales transaction negotiated between Algoma and Plaintiff was restructured to identify the Financier as the buyer. Algoma then entered into a lease agreement with the Financier to lease the seven refurbished locomotives. Regardless of the new structure, Algoma continued to control the transaction.

Algoma made numerous visits to South Carolina to check on the progress of the locomotives; continued negotiations for upgrades and new items related to locomotives; and was in constant communication with the plaintiff. In mid-2006, two locomotives were actually delivered to Algoma in Canada; this was followed by new negotiations, and, finally, a refusal to pay by Algoma, precipitating the instant suit.

## DISCUSSION

The South Carolina long arm statute extends to the outer limits allowed by due process; "[c]onsequently, the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries become one." *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997); *Tetrev v. Pride Intern, Inc.*, 465 F. Supp. 2d 555, 559 (D.S.C. 2006); *Cockrell v. Hillerich & Bradsby Co.*, 611 S.E.2d 505, 508 (S.C. 2005); *Moosally v. W.W. Norton & Co., Inc.*, 594 S.E.2d 878, 883 (S.C. Ct. App. 2004). Therefore, personal jurisdiction is proper if it comports with Due Process.

Due process requires that the defendant "have established minimum contacts with [South Carolina] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *ESAB Group, Inc.*, 126 F.3d at 623 (internal citations omitted). "A minimum contacts analysis requires a court to find that

the defendant directed its activities to a resident of this State and that the cause of action arises out of or relates to those activities." *S. Plastics Co. v. S. Commerce Bank*, 423 S.E.2d 128, 131 (S.C. 1992).  Further, the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985).

Algoma does not contend that it did not direct its activities at a resident of South Carolina, only that those activities did not amount to a contract with the plaintiff.  However, the existence of a contract is not dispositive of whether Algoma has established minimum contacts with South Carolina.  Algoma directed its activities to the plaintiff in South Carolina by: (1) initiating the business relationship by requesting a price quote; (2) issuing initial purchase orders that created the basis for the Financier/Plaintiff sales transaction; (3) visiting Plaintiff's facility to survey progress on the locomotives renovation process; and (4) entering into several contracts with the South Carolina Plaintiff.   Further, the sheer number of visits that Algoma representatives made to South Carolina evinces that an exercise of jurisdiction would be fair and just—it is clearly not an undue burden for the defendant to appear in South Carolina.  Therefore, an exercise of specific jurisdiction over the defendant is proper.

## **CONCLUSION**

After a thorough review of the applicable case law and facts of this case, we find that the defendant is subject to personal jurisdiction in this Court.  Therefore, the defendant's Motion to Dismiss for Lack of Jurisdiction is DENIED.

IT IS THEREFORE ORDERED THAT the defendant's Motion to Dismiss for Lack

of Jurisdiction is DENIED.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

October 15, 2007
Anderson, South Carolina